UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ERIC V. BARTOLI, | ) | CASE NO. 4:21-cv-1236 |
| Petitioner, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| WARDEN MICHAEL PHILLIPS, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | ) | |

Petitioner Eric V. Bartoli, proceeding *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1.) In 2016, Bartoli pled guilty to various federal fraud-related offenses, and this Court sentenced him to a term of 240 months of imprisonment. *United States v. Bartoli*, No. 5: 03-cr-387 (N.D. Ohio). In 2019, after his sentence had been affirmed by the Sixth Circuit, *see United States v. Bartoli*, 728 Fed. Appx. 424 (6th Cir. 2018), Bartoli filed a motion in this Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 asserting multiple grounds, including a newly-raised claim that the Court applied an incorrect statutory maximum penalty for his securities, mail, and wire fraud convictions (Counts 2, 4, and 5) in violation of the Ex Post Facto Clause. He also raised other claims challenging his conviction, including the effectiveness of his counsel and the legality of his extradition from Peru.

On January 3, 2021, this Court denied in part and granted in part Bartoli's motion and vacated his sentence. But the *only* constitutional violation the Court found Bartoli endured was that of the Ex Post Facto Clause when the Court unintentionally utilized the statutory maximum sentence of twenty years for his securities, mail, and wire fraud convictions at sentencing. The Court granted Bartoli's motion *only* in that respect and otherwise denied his motion and rejected all of his other claims, including his challenge to the lawfulness of his extradition. *See Bartoli v. United States*, Case Nos. 5:03-cr-003875, 5:19-cv-01841, 2021 WL 22468, at *19 (N.D. Ohio, Jan. 3, 2021). Bartoli is presently scheduled for re-sentencing.

Bartoli has now filed this 2241 petition, apparently asking that all of the criminal charges against him be dismissed on the basis that his extradition was unlawful. He has also filed a supplement (Doc. No. 3), apparently raising multiple other challenges to his conviction he already raised.

Pursuant to 28 U.S.C. § 2243, federal district courts conduct initial review of *habeas corpus* petitions. *See also Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must summarily dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to § 2241 petitions under Rule 1(b)).

Bartoli's petition must be dismissed because he is not entitled to any relief by way of § 2241. A *habeas* petition under § 2241 "is appropriate for claims challenging the execution or manner in which [a] sentence is served," not for claims challenging the validity of a prisoner's conviction or sentence, which must be asserted in the sentencing court under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Only under highly exceptional circumstances, where a federal prisoner is able to establish that his remedy under § 2255 is "inadequate or ineffective" to test the legality of his detention, may he seek relief under § 2241 instead of § 2255. *Truss v. Davis*, 115 Fed. App'x 772, 773-74 (6th Cir. 2004). To do so, a petitioner must establish "actual innocence" by showing that after his conviction became final, the United States Supreme Court issued a retroactively-applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).[1]

Bartoli has not made a claim of actual innocence – let alone a plausible one – based on a retroactively-applicable decision of the Supreme Court.

Further, in this Circuit, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity

---

[1] The remedy under § 2255 is not inadequate or ineffective because a petitioner has been denied relief under § 2255, is procedurally barred from pursuing § 2255 relief, or has been denied permission to file a second or successive petition. *Id*. at 307.

to bring his argument for relief," either on direct appeal, in a § 2255 motion, or otherwise. *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). The petition does make this showing, either. Even if Bartoli asserted a claim of actual innocence in his petition, he has not shown, and cannot show, that he had "no reasonable opportunity" to make his argument for relief earlier. In fact, Bartoli has already challenged the legality of his conviction including his extradition in a § 2255 motion, and this Court rejected his claims.

## Conclusion

Bartoli is not entitled to any relief by way of § 2241, and his petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing *Habeas Corpus* Cases. The Court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

/s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

DATED: October 27, 2021